**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30126 |
| Plaintiff - Appellee, | D.C. No. 3:07-cr-00050-BR-1 |
| v. | |
| JORGE ORTIZ OLIVA, AKA Jorge Cortez Almonte, AKA Jorge Meras Barajas, | MEMORANDUM[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30134 |
| Plaintiff - Appellee, | D.C. No. 3:07-cr-00050-BR-5 |
| v. | |
| PABLO BARAJAS LOPEZ, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted November 18, 2011[**]
Portland, Oregon

Before: FISHER, PAEZ and CLIFTON, Circuit Judges.

In October 2009, a jury convicted Jorge Ortiz Oliva and Pablo Barajas Lopez of a drug trafficking conspiracy, including distribution of and possession with intent to distribute methamphetamine, cocaine and marijuana. On appeal, Oliva and Lopez challenge the district court's denial of a series of pretrial motions. We affirm.

A. *Jorge Ortiz Oliva.*

1. *Motion to Suppress.*

Oliva challenges the district court's denial of his motion to suppress evidence seized from the master bedroom closet of Rocio Limon's apartment. Although a criminal defendant may testify in support of his motion to suppress, Oliva did not do so. *See Simmons v. United States*, 390 U.S. 377, 394 (1968) (a defendant's testimony in support of his motion to suppress will not be held against him at trial). Oliva failed to establish a reasonable expectation of privacy in the bags found in the master bedroom closet, and the district court therefore correctly found he lacked standing to suppress the evidence seized. *See United States v.*

[**]The panel unanimously concludes that case number 10-30134 is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2

*Reyes-Bosque*, 596 F.3d 1017, 1026 (9th Cir. 2010) ("To claim the protections of the Fourth Amendment, defendants must demonstrate that they had an expectation of privacy in the property searched and that their expectation was reasonable."); *California v. Ciraolo*, 476 U.S. 207, 211 (1986) ("[W]hether a person has a 'constitutionally protected reasonable expectation of privacy' . . . [is] a two-part inquiry: first, has the individual manifested a subjective expectation of privacy in the object of the challenged search? Second, is society willing to recognize that expectation as reasonable?" (internal citations omitted)).

### 2. New Trial Counsel and Continuance.

Oliva also challenges the district court's denial of his request for new trial counsel and a continuance. Oliva brought his motion five days before trial, the district court conducted an extensive inquiry before ruling and the district court permitted new trial counsel to serve as co-counsel, if Oliva was so inclined, minimizing any potential prejudice. *See United States v. Corona-Garcia*, 210 F.3d 973, 976-77 (9th Cir. 2000). Because the district court has "wide latitude" in deciding motions for new counsel and for continuances, the court did not abuse its

discretion by denying the motion. *United States v. Gonzalez-Lopez*, 548 U.S. 140, 152 (2006).[1]

> *B. Pablo Barajas Lopez.*
>
> *1. Facial Validity.*

Lopez challenges the facial validity of the wiretap orders, arguing that the affidavits used to obtain the warrants did not meet the "necessity" requirement. *See* 18 U.S.C. § 2518(1)(c) (the government must demonstrate that "other investigative procedures have been tried and failed or . . . reasonably appear to be unlikely to succeed if tried or to be too dangerous"). The requirement can be satisfied by a showing in the application that "ordinary investigative procedures, employed in good faith, would likely be ineffective in the particular case." *United States v. Garcia-Villalba*, 585 F.3d 1223, 1228 (9th Cir. 2009) (quoting *United States v. McGuire*, 307 F.3d 1192, 1196 (9th Cir. 2002)).

Lopez has standing to challenge the orders. Any "aggrieved person" may move to suppress the contents of a wiretap. 18 U.S.C. § 2518(10)(a). "[A] person against whom [a wiretap] interception [is] directed" is an aggrieved person. 18 U.S.C. § 2510(11). The affidavits named Lopez, offered descriptions of him and

---

[1] Oliva, joined by Lopez, also moved to suppress wiretap evidence, alleging the orders improperly authorized "roving" wiretaps and were thus facially insufficient. We address this issue in a concurrently filed opinion.

4

included statements certifying the belief that he was using the individual cellular phones at issue. Lopez's claim fails, however, because the affidavits sufficiently described in "case-specific detail" the investigation procedures that had already failed, were unlikely to succeed or were dangerous. *See Garcia-Villalba*, 585 F.3d at 1228-29.

           *2.* Franks *Hearing.*

The district court did not err by denying Lopez's motion for a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). "A defendant is entitled to a *Franks* hearing where he or she makes 'a substantial preliminary showing that a false statement was (1) deliberately or recklessly included in an affidavit submitted in support of a wiretap, and (2) material to the district court's finding of necessity.'" *United States v. Fernandez*, 388 F.3d 1199, 1238 (9th Cir. 2004) (quoting *United States v. Shryock*, 342 F.3d 948, 977 (9th Cir. 2003)). Lopez has not presented sufficient evidence of deliberate or reckless false statements or omissions in the wiretap application affidavits to overcome the presumption of affidavit validity. *See Franks*, 438 U.S. at 171 ("To mandate an evidentiary hearing, the challenger's attack must be more than conclusory. . . . There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof."). Even if Lopez had made

5

this showing, the government submitted a multitude of affidavits, each containing sufficient allegations, so any false statements or omissions would not have been material. *See id.* at 171-72 (No hearing is required if, "when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content . . . to support a finding of probable cause.").

**AFFIRMED.**